IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER: (1) AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE; AND (2) AUTHORIZING RELEASE OF SUBSCRIBER INFORMATION FOR FACEBOOK ACCOUNT(s): 100029431543400 | MCR 19-04-GF-JTJ<br><br>SEALED ORDER |

1. **INTRODUCTION**

The United States of America has applied for an Order authorizing a pen register and trap and trace device for the following Facebook accounts: 100029431543400, hereafter collectively referred to as the "Target Facebook Accounts".

2. **FINDINGS**

THE COURT FINDS that there is an ongoing criminal investigation concerning the violations committed by Jackson, and his apprehension for committing these crimes, inter alia, 18 U.S.C. §§ 875 and 3583(e)(3), and that the subject of the investigation is the individual using the Target Facebook Accounts.

1

THE COURT FINDS that the Application has been made in good faith in the furtherance of a pending criminal investigation, and the attorney for the United States has certified to the Court that the information likely to be obtained from the installation and use of the requested pen register and trap and trace devices is relevant to the ongoing criminal investigation.

3. **ORDER DIRECTING INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE**

IT IS ORDERED, pursuant to Title 18, United States Code, Section 3123, that Deputy U.S. Marshal Michael Marcell, or any other agent of the United States Marshals Service (USMS), or any other law enforcement agency requested by the USMS to assist, may direct Facebook to install and use the requested pen register and trap and trace device on the Target Facebook Accounts, to record the origination and routing information, including internet protocol (IP) addresses, for electronic communications transmitted from, or received by, the Target Facebook Account, and the dates and times of such communications, but not the contents of such communications, for a period of sixty (60) days.

4. **ORDER REQUIRING ASSISTANCE**

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that Facebook, and any other electronic communications service provider through which the subject electronic communications are routed,

forthwith furnish Deputy U.S. Marshal Michael Marcell, or any other agent of the USMS, or any other law enforcement agency requested by the USMS to assist, all of the information, facilities and technical assistance necessary to accomplish the installation and use of a pen register device unobtrusively and with a minimum of interference with the service presently afforded to the person whose communications are to be the subject of the installation and use, with compensation by the USMS at the prevailing rates.

5. **ORDER REQUIRING FURNISHING OF STORED RECORDS**

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 2703(c) and (d), that Facebook, and any other communications common carrier, shall provide the USMS, and any other law enforcement agencies working with the USMS, with all stored electronic records related to the Target Facebook Accounts, including all published or non-published information, including: (1) subscriber name; (2) subscriber address; (3) length of service (including start date) and types of service utilized; (4) other subscriber number or identity, including any temporarily assigned network address; (5) means and source of payment for such service (including any credit card or bank account number); (6) a log of routing, addressing, and signaling information for the past sixty (60) days, including information regarding internet protocol addresses used in order to conduct activity

3

on the Target Facebook Accounts; (7) any maintained "Push Tokens"; (8) any location information; and (9) the date/time stamp for the unique port number and socket address, including (a) source IP; (b) source port: (c) destination IP; and (d) destination port (if these are applicable). Such stored records shall not include the content of electronic communications to or from the users of the Target Facebook Accounts.

6. **ORDER TO OBTAIN STORED RECORDS ON INTERNET PROTOCOL (IP) ADDRESSES OBTAINED**

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 2703(c) and (d), that Facebook, and any other electronic communications service provider through which the subject electronic communications are routed, including but not limited to America Online (AOL), AT&T, Bellsouth, Sprint, Verizon, Earthlink, Comcast, Yahoo!, Hotmail, Gmail, Google, MCI, T-Mobile, Verizon Wireless, U.S. Cellular, MySpace, Facebook, Instagram, Time Warner Cable, and Comcast, shall supply the USMS, or any other agency requested by the USMS to assist, on a 24-hour-a-day basis, with records of the subscribers, solely including published or non-published subscriber names and addresses, including billing and service addresses, for those IP addresses obtained pursuant to the use of said pen register and trap and trace devices.

7.  **ORDER REQUIRING FURNISHING OF RESULTS**

IT IS FURTHER ORDERED that Facebook, and any other electronic communications service provider, shall provide the results of the pen register and trap and trace devices to Deputy U.S. Marshal Michael Marcell, or any other agent of the USMS, or any other law enforcement agency requested by the USMS to assist, at reasonable intervals during regular business hours for the duration of the Order.

8.  **ORDER PROHIBITING DISCLOSURE AND SEALING RECORDS**

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(d)(2), that Facebook, and its agents and employees, and any other electronic communications service provider subject to this Order, whether or not named in the Application and Order, and their agents and employees, shall not disclose to the subscribers of the Target Facebook Accounts, or to any other person, the existence of the Application or this Order, the existence of this investigation, or the existence of the pen register and trap and trace devices installed and used pursuant to this Order, for a period of 90 days from the date of the Court's Order.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(d), that this Order and the Application be sealed for 90 days, or until otherwise ordered by the Court.

DATED this 14th day of June 2019.

_____
HON. JOHN T. JOHNSTON
United States Magistrate Judge